COLE, Circuit Judge,
concurring.
I concur in the result reached by the majority opinion. I write separately to make two points.
First, I note that the Michigan statute defines “obstruct” as including “the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command.” Mich. Comp. Laws Ann. § 750.81d(7)(a). As the majority notes, we previously held in United States v. Mosley that the “knowing failure to comply with a lawful command” aspect of the offense is not a crime of violence. 575 F.3d 603, 608 (6th Cir.2009). However, we have not determined whether “the use or threatened use of physical interference or *961 force” also does not qualify as a crime of violence.
Second, the majority indicates that Shepard’s analysis is limited to the question of whether a predicate offense falls within the “otherwise” clause of § 4B1.2(a)(2) — the third clause of the Sentencing Guidelines’s definition of “crime of violence.” Shepard is not so limited. The inquiry applies whenever “it is possible to violate a criminal law in a way that amounts to a crime of violence and in a way that does not.” United States v. Ford, 560 F.3d 420, 422 (6th Cir.2009). Indeed, Shepard itself involved a predicate burglary offense, which is referenced in the second clause of the § 4B 1.2(a) definition, indicating the more general applicability of its analysis. Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).